BLD-105                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3958
_____

DARNELL JACOB WILLIAMS,
                                                                Appellant

v.

JOSEPH D. MACUT; PRIME CARE, INC.;
PRISON MEDICAL STAFF

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-01645)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 14, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Darnell Williams appeals, pro se and in forma pauperis, the District Court's order dismissing his complaint for failure to state a claim and denying leave to amend. Because no substantial question is presented, we will summarily affirm.

Williams is incarcerated at the Forest State Correctional Institution in Marienville, Pennsylvania. He alleged Eighth Amendment and Equal Protection violations occurred while receiving medical treatment for an injured left ring finger. See 42 U.S.C. § 1983. Specifically, Williams alleged Defendants Joseph D. Macut, Prime Care Medical, and Prison Medical Staff negligently and recklessly misdiagnosed his injury, causing him pain and suffering. The District Court granted Defendant Macut and Prime Care Medical's motion to dismiss for failure to state a claim, and denied leave to amend. Williams timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's decision to grant a motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Dismissal is appropriate if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, we must accept all allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the nonmovant. Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014). We review the denial of leave to amend for abuse of discretion. U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

Williams failed to state an Eighth Amendment claim. To state an Eighth Amendment claim, a plaintiff must allege acts or omissions by prison officials that indicate deliberate indifference to a serious medical need. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). Deliberate indifference occurs when the defendant knows of the need for medical care and intentionally refuses to provide it, exposing the inmate to "undue suffering or the threat of tangible residual injury." Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (internal quotations omitted). Mere disagreement with a prescribed treatment, however, is not an actionable constitutional violation. Id.

The allegations of Williams' complaint and the medical records attached to it foreclose his Eighth Amendment claim. Williams alleged that he initially injured his left ring finger while playing basketball in late May 2013, and was denied treatment and not prescribed physical therapy. However, the medical records reveal that Williams was initially seen by Defendant Macut on June 3, 2013, and subsequently seen more than twelve times by Defendants in the four months following his injury. Defendants repeatedly examined and treated his finger, which eventually required x-rays and surgery. While Williams may disagree with the prescribed treatment, such disagreement is insufficient to state a § 1983 claim. See Lanzaro, 834 F.2d at 346. Accordingly, Williams failed to state a claim for deliberate indifference, and dismissal was appropriate. Furthermore, given the thorough description of the medical treatment Williams received,

3

the District Court was within its description to deny leave to amend. See Schumann, 769 F.3d at 849.

Williams likewise failed to state an equal protection claim. To state a successful § 1983 claim for denial of equal protection, a plaintiff must allege purposeful discrimination – that he was treated differently from other similarly situated individuals because of his membership in a protected class. Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1992). Alternatively a "class of one" equal protection claim may be stated if a plaintiff alleges that the Defendants irrationally and intentionally treated him differently from other similarly situated individuals. Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008). Williams fails to state an equal protection claim under either theory. In his complaint, Williams merely listed the Equal Protection Clause as a federal law that was violated; he made no mention of membership in a protected class, addressed the equal protection claim nowhere else in the complaint, and alleged no facts that indicate he was treated differently – either purposefully or otherwise – from similarly situated individuals. See id.; Keenan, 983 F.2d at 465. Accordingly, dismissal was proper. In light of the above, denial of leave to amend was also within the District Court's discretion.

For the foregoing reasons, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

4